**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-60826
Summary Calendar

HALL INVESTMENTS, LP,

                                    Plaintiff - Appellant,

versus

LAMAR CORPORATION,

                                    Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
USDC No. 3:00-CV-369-WS

April 8, 2002

Before POLITZ,  WIENER, and PARKER, Circuit Judges.

POLITZ, Circuit Judge:[*]

    Hall Investments, L.P. appeals the district court's grant of judgment as a matter

---

    [*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of law in favor of Lamar Corporation, holding that Lamar held valid leases to property owned by Hall. Hall contends that the leases were void because they were enacted in violation of Mississippi Code § 93-13-41 which prohibits a guardian from entering a lease term on real property greater than three years without a court order. Concluding, as did the district court, that the leases were only voidable and never voided, we affirm.

Jean P. Mulloy executed the leases in October 1988 on behalf of herself and as guardian on behalf of her three minor children. She granted Headrick Outdoor, Inc. fifteen-year leaseholds with the option to renew for up to two additional five-year terms. Hall began negotiating with the Mulloys to purchase the property some time in 1990 or 1991 and he was aware that the property was encumbered by leases. The attorney for the Mulloys, however, advised Hall that the leases were voidable because of a Mississippi statute. On March 6, 1991, counsel for the Mulloys contacted Headrick's attorney to advise that the leases were voidable. Headrick's attorney agreed and expressed a willingness to renegotiate new leases. No renegotiation took place and Hall did not require or request the Mulloys to clear title to the property prior to closing.

After purchasing the property, Hall collected rentals every October from Headrick and, after June 4, 1997, when Lamar purchased the property, Hall collected rentals from Lamar under the terms of the 1988 leases. In May 1999, Lamar attempted

to negotiate with Hall for additional billboard sites on the property. Hall claimed that he reached an oral contract with Lamar's negotiator for a substantially greater amount of rent per sign. On October 8, 1999, Hall returned Lamar's rent checks for the 1999-2000 term and also requested that Lamar remove its signs by October 31, 1999. Lamar returned the checks advising that it believed the parties were still operating under the 1988 leases. Hall refused the checks. Lamar issued a new rent check on November 8, 1999 and Hall deposited that check in January 2000. Hall filed suit in the Chancery Court of Madison County on April 11, 2000, seeking a declaratory judgment regarding the validity of the 1988 leases and for an award of $100,000 per year in rent should Lamar fail to remove the sign structures before September 30, 2000. Lamar removed the action to the United States District Court for the Southern District of Mississippi on May 15, 2000. The district court denied motions for summary judgment by both parties on February 9, 2001. At a bench trial on October 11, 2001, after Hall presented its case in chief, the district court granted judgment as a matter of law to Lamar under Federal Rule of Civil Procedure 52.

We review a judgment as a matter of law under Federal Rule of Civil Procedure 52(c) *de novo* as to questions of law,[1] and for clear error as to questions of fact.[2]

---

[1] Samson v. Apollo Resources, Inc., 242 F.3d 629, 633 (5th Cir. 2001).

[2] Id. at 632-33.

Hall contends the district court erred in finding the lease valid. It asserts that under Mississippi Code § 93-13-41 the lease was void *ab initio* or that the lease extinguished on October 18, 1991 because of the expiration of three years, the maximum number of years the statute allows a guardian to contract in favor of a ward without a court order. Although there are no Mississippi cases directly on point, we believe the district court properly held that a guardian's violation of § 93-13-41 makes the lease only voidable by the ward and not void *ab initio*. We analogize the situation of a guardian entering a contract for a ward to that of an infant entering a contract – such a contract is voidable, not void.[3] It stands to reason that this would be true also of a guardian entering a contract for a ward without proper court authority. One might contend that before us is a statute that explicitly rejects the validity of such a contract by a guardian. In Hill v. Thompson,[4] however, the Mississippi Supreme Court found that a violation of the Mississippi Constitution itself was only voidable and not void.[5]

---

[3]Star Chevrolet Co. v. Green, 473 So. 2d 157, 160 (Miss. 1985) ("It has long been settled that the contracts of infants or minors impose no liability upon them which is not voidable at their election.").

[4]564 So. 2d 1 (Miss. 1989).

[5]Id. at 10. The court held that a violation by a school board of Mississippi Constitution Article 4 § 95, by in effect donating sixteenth section lands held by the state, was not void but only voidable. It stated, "[a]lthough the School Board contends that this lease in question was void from its inception, this position is not entirely correct. This Court construes our former decisions to mean that the lease for an inadequate consideration is voidable and may be attacked for that reason by a school board."

Therefore, we are not disposed to conclude that a violation of a statute enacted only to protect wards from entering bad business decisions results in a contract entered in derogation of that statute to be automatically void *ab initio*. Accordingly, we find no error in the district court's holding that the leases were only voidable and not void.

Hall also contends that the leases were voided in an exchange of letters between the attorney for the Mulloys and the attorney for Headrick, the previous owner of the property. The district court determined that the letters show that the attorneys realized that the leases were voidable, but that they did not void the leases. Our review of the record persuades that this factual finding is not clear error. No party with the right to void the lease ever did so. We find no error in the district court's grant of judgment as a matter of law in favor of Lamar.

Finally, we find no merit in Hall's contention that the district court abused its discretion in refusing to grant summary judgment upon its motion to reconsider; nor do we find merit in Hall's assertion that the district court abused its discretion in refusing to grant sanctions against Lamar for an alleged violation of Federal Rule of Civil Procedure 11.

AFFIRMED.